IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAVAR HARRIS,** | : | **CIVIL ACTION** |
| Petitioner | : | |
| | : | |
| v. | : | No. 14-1901 |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA BOARD OF** | : | |
| **PROBATION AND PAROLE, et al.** | : | |
| Respondents. | : | |
| | : | |

**ORDER**

**AND NOW**, this 30th day of October, 2014, upon careful and independent consideration of the petition for a writ of habeas corpus and after review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski, it is hereby **ORDERED** that:

1. Petitioner's objections are **OVERRULED**.[1]

2. The Report and Recommended is **APPROVED** and **ADOPTED**.

3. The Petition for Writ of Habeas Corpus is **DENIED** with prejudice and **DISMISSED** as untimely;

4. A certificate of appealability **SHALL NOT** issue, in that Petitioner has not demonstrated that a reasonable jurist would debate the correctness of this ruling. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000); and

---

[1] The Report and Recommendation correctly finds that Petitioner's claims are untimely and are thus procedurally barred. Therefore, to the extent that Petitioner's objections restate the alleged substantive grounds for relief found in his petition, they need not be considered. Regarding Petitioner's argument that an objection to an illegal sentence cannot be waived, while this is a true statement of Pennsylvania law, it does not alter or override the timeliness requirements for filing a habeas corpus petition set forth in 28 U.S.C. § 2244. Lomazoff v. Walters, 63 F. Supp. 2d 663, 666 (E.D. Pa. 1999). Accordingly, Petitioner's objections are overruled.

5.  The Clerk of the Court shall mark this case **CLOSED** for statistical purposes.

**BY THE COURT:**

/s/ Mitchell S. Goldberg
_____
**MITCHELL S. GOLDBERG, J.**